**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 12-10510M |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Juan Alamilla, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Court has considered the parties' Joint Motion to Extend Time for Indictment. (Doc. 6)

Defendant has been charged by complaint with Illegal Entry, in violation of 8 U.S.C. § 1325(a) and 18 U.S.C. § 2,[1] which carries a maximum prison sentence upon conviction of six months. Illegal Entry is a petty offense and a Class B misdemeanor. 18 U.S.C. §§ 3559(a)(7), 19; *United States v. Garcia-Martinez*, 2009 WL 4438623, at *3 (D. Ariz. Nov. 30, 2009).

The indictment clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." Generally, however, a defendant charged with a petty offense has no constitutional right to proceed by indictment. *United States v. Ramirez*, 556

---

[1] In light of the allegations in the Complaint, it is unclear why the Government charged Defendant with the Aiding and Abetting statute, 18 U.S.C. § 2.

1 F.2d 909, 911 (9th Cir. 1976) (citing *Duke v. United States*, 301 U.S. 492 (1937)); *see also* Federal Criminal Rules 7(a)(1)(B) ("An offense (other than criminal contempt) must be prosecuted by an indictment if it is punishable . . . by imprisonment for more than one year."), and Rule 58(b)(1) ("The trial of a misdemeanor may proceed on an indictment, information, or complaint. The trial of a petty offense may also proceed on a citation or violation notice.").

The Speedy Trial Act, 18 U.S.C. §§ 3161-3172, does not apply to petty offenses. *See* 18 U.S.C. § 3172(a) (defining "offense" to be "any Federal criminal offense which is established by Act of Congress (other than a Class B or C misdemeanor or an infraction . . . .")). "Petty offenses are exempted from both the requirement of a jury trial and the Speedy Trial Act." *United States v. Richmond*, 312 Fed. Appx. 56, at *1 (9th Cir. 2009) (citing *United States v. Baker*, 641 F.2d 1311, 1319 (9th Cir. 1981)) (holding Speedy Trial Act does not apply to petty offenses); *United States v. Carpenter*, 91 F.3d 1282 (9th Cir. 1996) (collecting cases explaining that criminal contempt cannot be classified as either a felony or misdemeanor for all purposes, but instead should be classified based on the sentencing range imposed).

Based on the foregoing,

**IT IS ORDERED** that the parties' Joint Motion to Extend Time for Indictment, doc. 6, is **DENIED** as irrelevant.

**IT IS FURTHER ORDERED** that counsel shall use the name of the Defendant, Juan Alamilla, in the caption of all future filings as charged in the Complaint until such time as a different name appears on a minute entry. *See* LRCrim 10.2.

Dated this 6th day of November, 2012.

Lawrence O. Anderson
United States Magistrate Judge